IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC BEYER, JR.,

    *Defendant-Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Plaintiff-Respondent*.

Case No. 6:21-CR-10067-EFM
Case No. 6:23-CV-01187-EFM

**MEMORANDUM AND ORDER**

Before the Court is pro se Defendant-Petitioner Eric James Beyer, Jr.'s Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 (Doc. 84). Beyer seeks relief based on four grounds: (1) his age and ignorance of the law, (2) the Confrontation Clause of the Sixth Amendment, (3) cooperating with the Government, and (4) his victims were not prosecuted. In his Reply, Beyer argues for the first time that his actions were legal under Kansas state law, and he lacked criminal intent. For the reasons set forth below, the Court denies Beyer's Motion.

**I.    Factual and Procedural Background[1]**

On September 8, 2021, a grand jury indicted Beyer on two counts of Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251 and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On February 28, 2023, Beyer entered a guilty plea pursuant to Rule 11(c)(1)(C), and the Government agreed to recommend a 216-month sentence to the Court. A Presentence Investigation Report was filed on June 2, 2023, calculating Beyer's guideline range

---

[1] The facts in this section are taken from the Presentence Investigation Report unless otherwise cited.

as 360–840 months. On June 26, 2023, this Court accepted the plea agreement and sentenced Beyer to 216 months. Beyer has not filed a direct appeal. On September 11, 2023, Beyer filed the present motion. On October 12, 2023, the Government filed its Response, and Beyer replied on November 8, 2023. Beyer's Motion is now ripe for ruling.

## II.    Legal Standard

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[3] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that

---

[2] 28 U.S.C. § 2255(b).

[3] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

### III.   Analysis

Beyer seeks to reduce or vacate his sentence under 28 U.S.C. § 2255 on four grounds. First, Beyer argues that his young age and ignorance of the law at the time he committed the crimes should have factored into his sentence. Second, Beyer contends that he was denied right to confront his accuser because neither his victims nor their parents appeared at his sentencing. Third, Beyer claims that his sentence should be reduced because he cooperated with the Government. Lastly, Beyer reasons it is unfair that he was charged and sentenced for crimes he committed, whereas his victims faced no similar prosecution. Then, for the first time in his Reply, Beyer argues that because the age of consent is 16 under Kansas law, and all his victims were 16 or older, he had no criminal intent. However, not only do Beyer's arguments fail to meet procedural standards, but they also fail on the merits.

**A.   The Court denies Defendant's Motion because it fails to meet procedural standards.**

Beyer waived his right to challenge his sentence when he accepted the plea agreement. Paragraph 14 of his plea agreement states:

> By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(l)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)) . . . .

---

[4] *See id*. at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

*United States v. Cockerham*[5] carved out an exception, allowing defendants to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.[6] However, collateral attacks based on ineffective assistance of counsel claims falling outside that category are waivable.[7]

Here, Beyer does not bring an ineffective assistance of counsel claim at all. Beyer does not dispute his guilt, nor does he argue that his sentence violated the Sentencing Guidelines, exceeded the maximum authorized by law, or that this Court was without jurisdiction to impose such sentence. Consequently, "it is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver."[8] Thus, the Court denies Beyer's Motion on this fact alone. However, even if the Court considers Beyer's substantive claims, each claim independently fails on the merits.

**B.    The Court denies Defendant's Motion because each claim fails on the merits.**

   *1.    Defendant's Age and Ignorance of the Law*

First, Beyer argues that the Court should have considered his young age when determining his sentence. However, according to the Statement of Reasons (Doc. 72), Beyer's young age was one of the primary reasons why his sentence was significantly reduced from the recommended 360–840 months to only 216 months. Second, "ignorance of the law or mistake of the law is no defense to criminal prosecution."[9] Thus, even though Beyer had recently become a legal adult

---

[5] 237 F.3d 1179, 1187 (10th Cir. 2001).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Cheek v. United States*, 498 U.S. 192, 199 (1991).

when he committed his crimes, and he may not have known the full extent of the illegality of his actions, neither are reasons why this Court should vacate, set aside, or correct Beyer's sentence.

2. *Defendant's Right to Confrontation under the Sixth Amendment*

Next, Beyer claims that his constitutional rights were violated because his victims did not appear at his sentencing. "[T]he right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that . . . counsel may ask during cross-examination."[10] Thus, the Confrontation Clause does not extend to pre-trial proceedings such as plea negotiations or plea agreements, nor to sentencings. The Court reviewed this information with Beyer, explaining that his right to confrontation was one of the many rights he would give up by entering his plea. Thus, the fact that the victims were absent at Beyer's sentencing is not a basis to vacate his sentence or plea.

3. *Defendant's Cooperation with the Government*

Beyer argues that he "should have been given a downward departure for his own assistance in his conviction and arrest." However, to receive a downward departure under 18 U.S.C. app. § 5K1.1, the Government must make a motion stating that the defendant "provided substantial assistance in the investigation or prosecution of another person who has committed an offense." The Government did not do so in this case. Further, given that Beyer's sentence was significantly reduced from the recommended 360–840 months, the Court has no other justifiable reason to vacate, set aside, or correct Beyer's sentence.

4. *Defendant's Victims were not Prosecuted*

Lastly in his Motion, Beyer claims that the girls that he targeted are "guilty like I am myself," and contends that it was unfair for the Government to prosecute him but not the victims.

---

[10] *Pennsylvania v. Ritchie*, 480 U.S. 39, 52, (1987).

However, it is not the courts' prerogative to interfere with prosecutors' broad discretion. Rather, "the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion. This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review."[11] Thus, regardless of other people's guilt or innocence, Beyer's sentence is appropriate for the crimes he committed. As such, the Court will not vacate, set aside, or correct Beyer's sentence on this basis.

### 5. *Defendant's Victims were of Consenting Age*

For the first time in his Reply, Beyer argues that because his victims had obtained the age of consent, he lacked the requisite *mens rea* to commit his crimes. Generally, arguments raised for the first time in a reply brief are waived, and the Court will not consider them.[12] However, the Court will address these arguments when made by a pro se petitioner because such "petitions are to be construed liberally and are held to a less stringent standard than those that are drafted by lawyers."[13]

First, Beyer argues that the Court should vacate, set aside, or correct his sentence because he did not abuse any minors. For support, he cites a Kansas state law which sets the legal age of consent at 16 years old.[14] However, Beyer was not charged under state law. Rather, he was charged under federal law where "'minor' means any person under the age of eighteen."[15]

---

[11] *Wayte v. United States*, 470 U.S. 598, 607 (1985) (internal quotations and citations omitted).

[12] *Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003).

[13] *Vasquez-Arroyo v. United States*, 2005 WL 1185623, at *2 (D. Kan. May 19, 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[14] Kan. Stat. Ann. § 21-5508(a)(1) ("Indecent solicitation of a child is enticing, commanding, inviting, persuading or attempting to persuade a child 14 or more years of age but less than 16 years of age to commit or to submit to an unlawful sexual act.").

[15] 18 U.S.C. § 2256(1).

Second, Beyer argues that he had "no criminal intent *mens rea* to commit the crimes for which he was being charged and persuaded to plea." However, 18 U.S.C. § 2251 does not require proof that a defendant knew the individual was a minor under 18 years of age.[16] Thus, a mistake-of-age defense—that is, a mistaken belief as to the victim's age—is not a defense to 18 U.S.C. § 2251. As such, the Court has no reason to vacate, set aside, or correct Beyer's sentence.

### IV.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[17] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[18] For the reasons explained above, Beyer has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA in this case.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate (Doc. 84) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 19th day of December, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[16] *See United States v. Lacy*, 904 F.3d 889, 897 (10th Cir. 2018) (explaining that, in the context of 18 U.S.C. § 2423, a defendant need not know of a minor victim's age to be convicted).

[17] 28 U.S.C. § 2255(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit district judge issues a COA. 28 U.S.C. § 2255(c)(1).

[18] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).